IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GERMAN C. SINISTERRA,

      Movant,                         No. 04-CV-8003-W-GAF

v.

UNITED STATES OF AMERICA,

      Defendant.

## MOTION TO SUBSTITUTE COUNSEL

Comes now movant German Sinisterra, by and through counsel, and moves this Court to appoint Jon M. Sands, Federal Public Defender for the District of Arizona (FPD) as co-counsel of record[1] for movant in lieu of William E. Shull. In support hereof, movant states:

1. The principal basis for this motion is the abilities and resources that the FPD for the District of Arizona can bring to this case at no cost to the Court. If appointed, the FPD will assign two experienced Spanish-speaking attorneys and one experienced Spanish-speaking investigator from its Capital Habeas Unit (CHU) to assist lead counsel John Jenab in preparing Mr. Sinisterra's case and filing his traverse. The work of the CHU will be performed within its normal budget, so that its involvement in this case will be without additional cost to the Court. The Arizona CHU is a highly specialized, extremely capable unit that has been representing individuals under sentence of death for 11 years. It has 12 staff attorneys and currently represents 40 death row inmates in Arizona, Ohio and Utah.

2. The Arizona CHU will assist Mr. Jenab in conducting an investigation into mitigation

---

[1]Once appointed, Mr. Sands will assign two assistant federal public defenders who will serve as counsel of record in these proceedings.

evidence that went unexplored at the time of Mr. Sinisterra's trial, particularly evidence relating to Mr. Sinisterra's early life and developmental years in Colombia. Specifically, the CHU would assist Mr. Jenab in conducting a social history investigation, for which information relating to Mr. Sinisterra's early years is absolutely critical.

3. The generally accepted parameters of a competent social history investigation, and its extreme importance in a capital case, are discussed in the attached Declaration of Russell Stetler. Stetler Dec. ¶¶ 14-20 (Exhibit 1 hereto). Mr. Stetler is a nationally known expert in the field of mitigation investigation, and currently serves as the National Mitigation Coordinator for the United States Federal Defender Program.

4. The only investigation done by Mr. Sinisterra's trial attorneys relating to his years in Colombia was a series of videotaped interviews conducted by trial counsel Jennifer Herndon. This fact is not disputed by either of Sinisterra's trial attorneys. See, e.g., Affidafit of Frederick Duchardt ¶ 11 ("Ms. Herndon took the lead on developing mitigation evidence from Colombia.") (Doc. 50); Herndon Aff. ¶¶ 9-13 (Herndon made one trip to Colombia, by herself, and videotaped interviews are the product of the trip); Transcript of Trial Vols. XIII-XV (penalty phase evidence).

5. Ms. Herndon's interviews did not even begin to constitute, or even to form a small portion of, a competent social history investigation. They have been variously characterized by Mr. Stetler as "superficial and vague," Stetler Dec. ¶ 13; by the Court as "extremely taxing," "incomprehensible," and "difficult and fruitless," Tr. of Jury Trial at 2791-94; and by Herndon herself as being of "poor quality," Affidavit of Counsel Jennifer Herndon, ¶ 10 (attached as Exhibit 3 to First Amended 2255 Motion).

2

6. Social history interviews are difficult by nature, and must be patient, probing, and detailed. These interviews must be handled with extreme care, as they often require the witness to delve into embarrassing and even shameful topics that are nonetheless critical to the investigation. Stetler Dec. ¶ 18. Ms. Herndon's interviews did not even attempt to cover the sensitive areas that must be addressed in a social history investigation. Id. ¶ 23.

7. No other Colombia-based investigation was performed by trial counsel. Thus, for example, Mr. Stetler stresses that a "social history investigation should include a thorough collection of objective, reliable documentation about the client and his family, typically including medical, educational, employment, social service, and court records." Id. ¶ 17. No attempt was made by Sinisterra's trial attorneys to obtain records pertaining to the years he spent in Colombia. See Herndon Aff. ¶ 11 ("In Mr. Sinisterra's case, I gathered little if any records.").

8. It is undisputed that the trial team in Sinisterra's case did not include any investigator trained in performing mitigation work. The only investigator retained by trial counsel was Dan Grothaus, who as Mr. Duchardt acknowledges had never previously acted "in the capacity as a 'mitigation specialist'" before. Duchardt Aff. ¶ 4; see also Herndon Aff. ¶ 5 (Grothaus had "no experience or training in the art of mitigation investigation").

9. Mr. Grothaus performed no work relating to Colombia-based mitigation. Fred Duchardt has stated that he had initially hoped that Grothaus would be able to be both a fact investigator and a mitigation investigator for Sinisterra. Id. ¶ 3. However, as the case developed, Duchardt found that "there was so much first phase investigation work for Mr. Grothaus to do that I actually assigned him only a very few duties related to the penalty phase of the case, related to matters in the Houston, Texas area." Id. ¶ 6. Ms. Herndon, who was responsible for

3

developing mitigation evidence from Colombia, Duchardt Aff. ¶ 8, did not assign Grothaus <u>any</u> mitigation-related duties, Herndon Aff. ¶¶ 9-13.

10. Accordingly, if it is allowed to enter its appearance in this matter in order to assist lead counsel in conducting a Colombia-based social history investigation, the Arizona FPD would not duplicate work previously done by trial counsel. Stetler Dec. ¶ 24.

11. The benefits of appointing the Arizona FPD in this case would be both many and great. First, of course, Mr. Sinisterra would have the opportunity, for the first time, to have a social history investigation conducted on his behalf. Second, that investigation would be performed by people uniquely qualified to complete the work both competently and efficiently. The CHU staff attorneys and investigator who would work on the case are all specialists in death penalty litigation and are all very experienced in mitigation investigation, including investigations performed in foreign countries. Third, all three staff members have the tremendous advantage of being fluent Spanish speakers. This will facilitate every aspect of the investigation, including the client's involvement therein. And fourth, their work and travel would be without cost to the Court, as the Arizona FPD has agreed to accept this appointment and perform its work on this case within its existing budget.

12. Along with this motion, Sinisterra is filing a motion for a six-month extension of time to file his traverse. The requested extension is necessary in order to allow counsel time to complete a social history investigation and prepare and file the traverse.

13. This motion is filed as a motion to substitute counsel in order to allow Mr. Shull to withdraw from this representation concurrent with the appointment of new co-counsel. Mr. Shull's mother has recently had a serious injury, and he has had to devote considerable time to

looking after her affairs on top of his extremely busy law practice. Mr. Shull is a sole practitioner and has simply been unable to devote substantial time to this case in recent months. He is willing to withdraw from the case in order to allow the Arizona FPD to be appointed.

WHEREFORE, Mr. Sinisterra respectfully moves this Honorable Court to allow substitution of Jon M. Sands, Federal Public Defender for the District of Arizona, as co-counsel of record for movant in place of William E. Shull.

Respectfully submitted,

/s/John Jenab
John Jenab   MO # 47452
110 S. Cherry, Suite 200
Olathe, KS 66061
913-390-5023
Fax 913-764-5539

/s/William E. Shull
William E. Shull MO # 22544
104 W. Kansas
Liberty, MO 64068
816-792-4242
Fax 816-792-0888

ATTORNEYS FOR MOVANT GERMAN
C. SINISTERRA

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/John Jenab