IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GERMAN C. SINISTERRA,

        Movant,                      No. 04-CV-8003-W-GAF

v.

UNITED STATES OF AMERICA,

        Defendant.

## MOTION TO ALTER OR AMEND JUDGMENT

Comes now movant German Sinisterra, by and through counsel, and moves this Court

pursuant to Fed. R. Civ. P. 59(e) to alter or amend its Order Denying Movant's 28 U.S.C. § 2255

Motion (Doc. 69). In support hereof, movant states as follows:

1. A district court may alter or amend its judgment to correct a material mistake of law or

fact. See, e.g., Deutsch v. Burlington Northern Railway Co., 983 F.2d 741, 744 (7th Cir. 1992);

Bannister v. Armantrout, 807 F. Supp. 516, 556 (W.D. Mo. 1991). A district court's failure to

notice or consider arguments or authorities that justify relief also constitutes an appropriate

ground to grant a Rule 59(e) motion if these failures affected the correctness of the court's

decision. See, e.g., Hicks v. Town of Hudson, 390 F.2d 84, 87-88 (10th Cir. 1967).

2. In its Order, this Court dismissed Mr. Sinisterra's claim that the Federal Death Penalty

Act (FDPA) is unconstitutional in that the evidentiary standards are relaxed in the penalty phase,

to wit, that the FDPA permits hearsay evidence in the penalty phase in violation of the Fifth,

Sixth and Eighth Amendments of the United States Constitution. However, there is a petition for

certiorari pending with the United States Supreme Court – Sherman Lamont Fields v. United

States (No. 07-6395) – in which the issue of the unconstitutionality of relaxed evidentiary

standards in the penalty phase of federal capital trials is raised. As that cert petition notes, lower court are increasingly divided about the application of the Fifth Amendment's Confrontation Clause to penalty phase proceedings to restrict the use of hearsay evidence. Indeed, even the Fields case itself was affirmed on a 2-1 decision in the Fifth Circuit, with a strong dissent. See Field v. United States, 483 F.3d 313 (5th Cir. 2007). In light of the fact that there is a reasonable possibility that the Supreme Court might take up this issue in its current term, and that any decision by the Supreme Court on this matter could be dispositive of Mr. Sinisterra's claim, it is respectfully submitted that this Court should withdraw its judgment denying Sinisterra's 2255 Motion pending the United States Supreme Court's decision on whether it will grant certiorari on the Fields case and any subsequent decision by the Supreme Court on this claim.

3. In its Order, the Court also denied Sinisterra's Vienna Convention claim based on the fact that it was considered and denied on direct appeal. Sinisterra respectfully points out, however, that the case of Medellin v. Texas, 127 S. Ct. 2129 (2007) is still pending before the United States Supreme Court, and that the decision in that case will in all likelihood clarify the availability and extent of relief available for the admitted violation here. Acccordingly, Sinisterra requests that the Court withdraw its judgment denying Sinisterra's 2255 Motion pending the decision of the US Supreme Court.

4. Mr. Sinisterra takes exception to those rulings addressing trial counsel's performance in the investigation and presentation of the penalty phase case at trial. As the Court is aware, post-conviction counsel have attempted on three different occasions to obtain authorization to conduct a mitigation investigation in these proceedings, without success. These rulings have prejudiced Sinisterra and impeded his ability to present his Strickland claim and should be

reconsidered. The amended 2255 motion and traverse point out in great detail the inadequacies and deficiencies of trial counsel's performance in this regard, and Sinisterra firmly believes that these deficiencies and the resulting prejudice to Sinisterra amount to denial of his constitutional right to effective assistance of counsel. The Court's finding that trial counsel performed a thorough mitigation investigation (Doc. 69 at 18-20) is clearly erroneous and contrary to the undisputed evidence in this case.

5. Mr. Sinisterra believes that numerous other of the Court's rulings are factually and legally incorrect, and intends to vigorously pursue a certificate of appealability regarding many of those issues should such action become necessary. Sinisterra's failure to include a factual finding or issue in this motion constitutes neither a waiver nor a comment on whether it should merit a certificate of appealability.

WHEREFORE, Mr. Sinisterra respectfully moves this Honorable Court to withdraw its judgment denying Sinisterra's 2255 Motion and enter an Order granting the motion and vacating Sinisterra's sentences of death. In the alternative, the Court should withdraw its judgment, re-open these proceedings, enter an Order appointing the Arizona FPD to this case for the limited purpose of conducting a thorough mitigation investigation, and grant Sinisterra a reasonable period of time within which to file a second amended 2255 motion following completion of that investigation.

Respectfully submitted,

/s/John Jenab
John Jenab   MO # 47452
110 S. Cherry, Suite 200
Olathe, KS 66061
913-390-5023
Fax 913-764-5539

/s/William E. Shull
William E. Shull MO # 22544
104 W. Kansas
Liberty, MO 64068
816-792-4242
Fax 816-792-0888

ATTORNEYS FOR MOVANT GERMAN
C. SINISTERRA

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of December, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/John Jenab