IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GERMAN C. SINISTERRA, )
)
Movant, )
)
          ) Case No. 04-8003-CV-W-GAF
v. ) Crim. No. 98-00311-02-CR-W-GAF
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MOVANT'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

The respondent, the United States of America, appears by John F. Wood, United States Attorney, and Jeffrey Valenti and Lajuana M. Counts, Assistant United States Attorneys, all for the Western District of Missouri, and provides the following response to movant German Sinisterra's motion under Rule 59(e) of the Federal Rules of Civil Procedure. The rules allows a litigant to challenge an adverse judgment by a Rule 59(e) motion to alter or amend the judgment, or a motion for relief from the judgment under Rule 60(b). *Nichols v. United States*, 2006 WL 3420303, Slip Op. at 2 (E.D. Ark. November 28, 2006); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A Rule 59(e) motion must be filed within 10 days after entry of the judgment, and the filing period is jurisdictional and cannot be extended at the discretion of the district court. Here, this Court's judgment was filed on December 14, 2007, and Sinisterra filed his motion on December 31, 2007, which is within 10 days (excluding weekends and holidays) of the judgment, and thus his motion was timely filed.

## I. **DISCUSSION**

Courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling case law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Pacific Ins. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998). Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins.*, *id.* Such motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Hutchinson*, *id.* (other citations omitted).

Sinisterra seeks for this Court to alter or amend its order which denied Sinisterra's § 2255 motion. He alleges that two cases before the United States Supreme Court may have an impact on this Court's December 14, 2007, judgment. The first case, *Fields v. United States*, Case No. 07-6395, revolves around the constitutionality of the evidentiary standard under the Federal Death Penalty Act (FDPA). The Eighth Circuit has already addressed and affirmed the constitutionality of the existing evidentiary standard in its opinion when Sinisterra filed his direct appeal. *See United States v. Ortiz*, 315 F.3d 873 (8th Cir. 2002). The second case Sinisterra notes is *Medellin v. Texas*, 127 S.Ct. 2129 (2007), which revolves around the Government's non-compliance with the Vienna Convention on Consular Relations issue Sinisterra raised on appeal, which the Eighth Circuit affirmed. *Medellin* was argued before the Supreme Court in October 2007. Sinisterra also takes

exception to this Court's ineffective assistance of counsel rulings and other unspecified factual findings and legal conclusions.

In response, the Government reasserts and incorporates herein all of the factual matters and arguments made in its initial response to Sinisterra's initial § 2255 motion, as well as this Court's well-reasoned Order dated December 14, 2007. In addition, the Government also asserts that Sinisterra's argument challenging the constitutionality of the evidentiary standard under the FDPA should be summarily denied because the petition for certiorari in the *Fields* case, relied upon by Sinisterra, was denied by the Supreme Court on January 14, 2008. (*See* Exhibit A.)

Sinisterra's second argument should likewise be denied in that while *Medellin v. Texas* case is pending disposition before the Supreme Court, the ruling in that case would not affect Sinisterra in that the Eighth Circuit has already found that "no causal or logical connection at all between the penalty imposed on defendants and violation of the Vienna Convention. The death penalty is provided by statute." *United States v. Ortiz*, 315 F.3d 873, 887 (8th Cir. 2002). Indeed, the Eighth Circuit provided an extensive explanation of why the violation of the Vienna Convention did not cause Sinisterra prejudice. *Ortiz, id.* at 885-88. The Eighth Circuit rendered its ruling that Sinisterra was not prejudiced in any way by the violation of the Vienna Convention, even assuming "the Convention creates an individually enforceable right." *Ortiz, id.* at 886. The Eighth Circuit, during Sinisterra's direct appeal, gave Sinisterra the benefit of the doubt when it assumed, without holding, that he had individually enforceable rights as a result of a violation of the Vienna Convention on

Consular Relations. Even with that defendant-friendly assumption, the Eighth Circuit concluded that Sinisterra had not been prejudiced. Consequently, the *Medellin* decision, whatever it is, will not provide Sinisterra with a means of recourse because he has already been given the benefit that he hopes to receive from that case. Therefore, there is no reason for this Court to alter or amend its judgment on this issue. Both the court of appeals and this Court properly found that Sinisterra was not prejudiced by the Vienna Convention violation, therefore, relief was properly denied.

Lastly, this Court has thoroughly reviewed and considered all of Sinisterra's ineffective of assistance of counsel claims. This Court has not failed to consider arguments which would justify relief or would have affected the correctness of its December 14, 2007, judgment. Sinisterra has not set forth any evidence that would tend to undermine the rationale this Court utilized to dismiss his § 2255 motion. There is no evidence that this Court made a material mistake of law or fact in its Order denying Sinisterra's § 2255 motion. Thus, there is no basis for this Court to alter or amend its previous judgment.

## II. **CONCLUSION**

Based on the above reasons and authorities, the Government respectfully requests this Court to deny Sinisterra's motion to alter or amend its judgment under Rule 59(e). Furthermore, this Court should reject Sinisterra's alternative suggestion that this Court withdraw its judgment, re-open the proceedings and allow for appointment of the Arizona Federal Public Defender's Office to conduct another mitigation investigation, and grant him time to file a second amended § 2255 motion.

Respectfully submitted,

JOHN F. WOOD
United States Attorney

By    /s/ *Lajuana M. Counts*

LAJUANA M. COUNTS
Assistant United States Attorney

JEFFREY VALENTI
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Respondent*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered on January 31, 2008, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

> John Jenab
> 110 South Cherry, Suite 200
> Olathe, Kansas  66061
>
> William E. Shull
> 104 West Kansas
> Liberty, Missouri  64068
>
> *Attorneys for movant Sinisterra*

>  /s/ *Lajuana M. Counts*     
> Lajuana M. Counts
> Assistant United States Attorney

LMC/tlm                              -6-