**GERMAN C. SINISTERRA,**

> **Movant,**

> > > **Case No. 04-8003-CV-W-GAF**

**v.**

**UNITED STATED OF AMERICA,**

> **Respondent.**

## MOVANT'S APPLICATION FOR CERTIFICATE OF APPEALABILITY

COMES NOW movant, German C. Sinisterra, by counsel, and moves this Court, pursuant to 28 U.S.C. § 2253 and Fed. R. App. Pro. 22(b)(1), to grant a Certificate of Appealability ("COA") to permit Mr. Sinisterra to appeal its Memorandum and Order denying Mr. Sinisterra's Motion to Vacate, Set Aside or Correct Convictions and Sentences Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure, without authorizing funds for a mitigation investigation and without conducting a hearing. In support of this application, Mr. Sinisterra states as follows:

## I. LEGAL STANDARD

The standard for the issuance of a COA is set out in 28 U.S.C. § 2255, which provides, in pertinent part, that the movant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255 (c)(2). Under this standard, a movant need only "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (internal citations and quotation marks omitted).

*Barefoot's* standard was reaffirmed by the United States Supreme Court in *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) and again, more recently, in *Miller-El v. Cockrell,* 537 U.S. 322 (2003). In *Miller-El*, the Supreme Court reaffirmed that a COA should be allowed when the movant's case is "debatable," or the issues could be "resolved in a different manner," or when the case "deserve[s] encouragement to proceed further." *See id*. at 336. A claim or argument could be debatable **"*even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail.*"** *Id.* at 338 (emphasis added).

The *Miller-El* Court also indicated that "a COA does not require a showing that the appeal will succeed," and neither should the Court deny "the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in *Slack* would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.' *Barefoot*, *supra*, at 893 n. 4, 103 S.Ct. 3383." *Miller-El* at 336-37 (internal quotation marks omitted). *Miller-El* summarized:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Id.* at 337-38.

In capital cases, "the nature of the penalty is a proper consideration in determining whether to issue a certificate of appealability." *Barefoot*, 463 U.S. at 893. Because this case involves the

death penalty, "any doubts as to whether a certificate of appealability should issue must be resolved in [Movant's] favor." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. Tex. 2004), citing *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

## II. A COA SHOULD ISSUE IN THIS CASE

Mr. Sinisterra seeks a COA on the claims enumerated herein. As the underlying legal and factual bases for these claims have been thoroughly pled in prior pleadings with which the Court is already familiar, Mr. Sinisterra incorporates those prior pleadings by reference and will merely describe the claims in a summary fashion in this pleading for purposes of judicial economy.

### A. Ineffective Assistance of Counsel

Trial counsel's performance in both the guilt and penalty phases of Mr. Sinisterra's trial, and on appeal, was ineffective. These deficiencies include, *inter alia*, defense counsel's elicitation of, and failure to object to, evidence of Mr. Sinisterra's alleged violent disposition and prior bad acts; failure to adequately challenge the government's alleged eyewitness identification evidence and misleading arguments thereon, and request a proper instruction on that evidence; incompetent preparation and presentation of Mr. Sinisterra's testimony; failure to communicate with Mr. Sinisterra through an interpreter; failure to challenge the indictment; failure to object to improper remarks by the government in closing argument; failure to object to inflammatory hearsay evidence elicited by the government from FBI Special Agent Dennis Conway; failure to hire and use a mitigation specialist; failure to conduct and present a competent mitigation investigation; failure to investigate and present mental health evidence. *See generally* Amended 2255 Motion and Traverse.

Given the fact that the Eighth Circuit routinely reviews claims of ineffective assistance of counsel on the merits in capital cases, Mr. Sinisterra's ineffective assistance claim is more than

adequate to merit issuance of a COA. *See, e.g.*, *Ringo v. Roper*, 472 F.3d 1001 (8th Cir. 2007)(reviewing penalty phase and guilt phase ineffective assistance claims on the merits); *Middleton v. Roper*, 455 F.3d 838 (8th Cir. 2006); *Simmons v. Luebbers*, 299 F.3d 929 (8th Cir. 2002); *Link v. Luebbers*, 469 F.3d 1197 (8th Cir. 2006); *Bucklew v. Luebbers*, 436 F.3d 1010 (8th Cir. 2006); *Smith v. Bowersox*, 311 F.3d 915 (8th Cir. 2002). Moreover, considering the wealth of mitigation information uncovered as part of a preliminary habeas investigation into Mr. Sinisterra's background[1] – information which trial counsel failed to develop and present to the jury which sentenced Mr. Sinisterra to death – jurists of reason could debate that Mr. Sinisterra has established that his Sixth Amendment right to effective assistance of counsel was violated. Every inference must be drawn in the movant's favor, particularly where, as here, the movant has pled facts that if true would entitle him to relief and yet the district court has not granted an evidentiary hearing. *See* 28 U.S.C. § 2255 ¶ 2; *Townsend v. Sain*, 372 U.S. 293, 312-13 (1963) (requiring a hearing in federal habeas proceedings where the petitioner has alleged facts which, if proven, would entitle him to relief and where the district court has not resolved the merits of the factual dispute in a full and fair hearing); *Fontaine v. United States*, 411 U.S. 213, 215 (1973); *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002) ("The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only *allege*–not prove– reasonably specific, non-conclusory facts that, if true, would entitle him to relief.") (emphasis in original); *See Parkus v. Delo*, 33 F.3d 933 (8th Cir. 1994) (remanding to the district court for evidentiary hearing on IAC claims); *Lawrence v. Armontrout*, 900 F.2d 127 (8th Cir. 1990); *Simmons v. Lockhart*, 856 F.2d 1144 (8th Cir. 1988); *Grigsby v. Mabry*,

_____

[1] *See* Movant's Traverse, Doc. No. 68, at 17-23 (summarizing mitigation information which was available at trial, but which trial counsel failed to investigate, develop and present).

4

637 F.2d 525 (8th Cir. 1980) (citing *Townsend v. Sain*). Therefore, Mr. Sinisterra has made the requisite showing under *Barefoot, Slack* and *Miller-El*, and it is respectfully submitted that a COA should be issued on this claim, as well as the related procedural issues, to wit, the denial of Mr. Sinisterra's motions for funding for a mitigation specialist, or the appointment of the Arizona Federal Public Defender's Capital Habeas Unit to provide needed mitigation investigation resources, and for an evidentiary hearing.[2]

**B.      Prosecutorial Misconduct and Failure to Object**

Throughout closing arguments of the penalty phase of Mr. Sinisterra's trial, the government made a series of improper remarks, in violation of Mr. Sinisterra's rights under the Fifth, Sixth and Eighth Amendments. These remarks included, *inter alia*, entreaties to the jury to "send a message" to other drug dealers by sentencing Mr. Sinisterra to death, improper emotional appeals to the jury, and denigration and improper characterization of the mitigation evidence. Such remarks have consistently been held to constitute reversible error. *See*, *e.g.*, *United States v. Johnson*, 968 F.2d 768 (8th Cir. 1992); *United States v. Lee,* 743 F.2d 1240 (8th Cir. 1984); *United States v. Solivan*, 937 F.2d 1146 (6th Cir. 1991); *United States v. Arrieta-Agressot*, 3 F.3d 525 (1st Cir. 1993).

Moreover, trial counsel's and appellate counsel's failure to object to these remarks constituted ineffective assistance of counsel, in violation of Mr. Sinisterra's Sixth Amendment rights, and but for counsel's deficient performance, there is a reasonable probability that the outcome

---

[2] Although caselaw establishes that a movant need not obtain a COA in order to appeal the denial of resources and an evidentiary hearing pursuant to 18 U.S.C. § 3599 and 28 U.S.C. § 2255 – *see e.g.*, *Smith v. Dretke*, 422 F.3d 269, 287-88 (5th Cir. 2005) (no COA required to appeal denial of request for funds for expert services); *Harbison v. Bell*, 503 F.3d 566, 570 (6th Cir. 2007) (no COA required to appeal denial of counsel motion); *Reyes v. Quarterman*, 195 Fed. Appx. 272, 279 n.2 (5th Cir. 2006) (no COA required to appeal denial of request for evidentiary hearing) – Mr. Sinisterra includes these issues here in an abundance of caution.

of the proceedings would have been different. *Copeland v. Washington*, 232 F.3d 969 (8th Cir. 2000).

Given the well-settled precedent establishing the impropriety of the prosecution's remarks and counsel's duty to object to such remarks, Mr. Sinisterra has pled facts and constitutional claims that jurists of reason could debate establish a violation of a constitutional right. Indeed, in light of the number and variety of cases both in and outside the Eighth Circuit in which convictions have been reversed for precisely the kind of improper remarks uttered in closing arguments in Mr. Sinisterra's case, a court could resolve this issue in a different manner and also find that counsel were ineffective for failing to avail themselves of extant favorable precedent to challenge these improper remarks at trial and on appeal. Moreover, given that the Eighth Circuit Court of Appeals routinely reviews this issue on the merits, *see*, *e.g.*, *Weaver v. Bowersox*, 438 F.3d 832 (8th Cir. 2006); *Newlon v. Armantrout*, 885 F.2d 1328 (8th Cir. 1989); *Copeland v. Washington*, 232 F.3d 969 (8th Cir. 2000); *Shurn v. Delo*, 177 F.3d 662 (8th Cir. 1999), this claim warrants appellate review. Therefore, Mr. Sinisterra has made the requisite showing under *Barefoot, Slack* and *Miller-El*, and it is respectfully submitted that a COA should be issued on this claim.

C.     **Failure to Charge Statutory Aggravating Factors in the Indictment**

Mr. Sinisterra was charged, *inter alia*, with aiding and abetting the use of a firearm in relation to a drug trafficking crime and the commission of murder in the perpetration of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), (j)(1) & 18 U.S.C. § 2, and with interstate travel with intent to commit murder for hire, in violation of 18 U.S.C. § 1958 & 18 U.S.C. § 2. The second superceding indictment, however, failed to allege on either of these counts at least one statutory aggravating factor from 18 U.S.C. § 3592(c), an element essential required under the Fifth and Sixth

Amendments where imposition of a sentence of death is sought. As a result, the indictment failed to charge a federal capital offense, and Mr. Sinisterra's sentence exceeded the maximum sentence authorized for the crimes with which he was charged. Mr. Sinisterra's trial and appellate counsel were ineffective in failing to preserve this issue at trial and raise it on direct appeal.

As the Eighth Circuit noted in *United States v. Purkey*, 428 F.3d 738, 749 (8th Cir. 2005): "The indictment must charge at least one of the statutory aggravating factors that is ultimately found by the petit jury because that is what is required to elevate the available statutory maximum sentence from life imprisonment to death. In other words, including that factor in the indictment is required to make the defendant *eligible* for the death penalty." (Emphasis in original) (Citations and internal quotation marks omitted). *See also United States v. Allen*, 406 F.3d 960, 940 (8th Cir. 2005) ("[T]he Fifth Amendment requires at least one statutory aggravator and the mens rea requirement to be found by the grand jury and charged in the indictment.") There is no question that the indictment against Mr. Sinisterra "suffers a Fifth Amendment defect." *Allen*, 406 F.3d at 943. Whether this is a structural defect that requires reversal is a question over which reasonable jurists could debate. Indeed, in *Allen*, even though the Eighth Circuit found that similar error in that case was not structural, the Court acknowledged that it could be "wrong" as to whether the list of structural errors enunciated in *Arizona v. Fulminante*, 499 U.S. 279 (1991) and *Neder v. United States*, 527 U.S. 1 (1999), was exhaustive, implicitly conceding that the issue was subject to debate by jurists of reason. *Allen*, 406 F.3d at 944-45.

Even if the question of prejudice from this defect is subject to a harmless error analysis, such a determination requires an inquiry into the evidence presented to the grand jury in order to assess whether sufficient information was presented to it such that it could have found probable cause to

7

charge Mr. Sinisterra with at least one of these aggravating factors. *See Allen*, 406 F.3d at 947-48 (examining testimony presented at grand jury to determine whether there was sufficient probable cause to charge defendant with statutory aggravating factors found by petit jury). Such an analysis has never been performed in Mr. Sinisterra's case, thus this issue "deserve[s] encouragement to proceed further." *Miller-El,* 537 U.S. at 336. Moreover, the three statutory aggravators found by the petit jury (pecuniary gain; substantial planning and premeditation; attempt to kill more than one person in a criminal episode) are sufficiently analytically distinct from the elements of the charged offenses themselves that jurists of reason could debate about whether facts underlying the statutory aggravators were considered by the grand jury. Given all of the above, jurists of reason could also debate whether trial and appellate counsel were ineffective for failing to challenge the defective indictment against Mr. Sinisterra. Thus, it is respectfully submitted that a COA should issue on this claim.

### D. FDPA Unconstitutionally Relaxes Penalty Phase Evidentiary Standards

The Federal Death Penalty Act (FDPA) unconstitutionally permits hearsay evidence to be introduced against a defendant in the penalty phase, in violation of the Fifth, Sixth and Eighth Amendments. An abundance of such inflammatory hearsay evidence, which had nothing to do with Mr. Sinisterra and which could not be confronted or cross-examined, was introduced by the government during the penalty phase through the testimony of Dennis Conway, a Special Agent with the FBI. This testimony included, for example, unsubstantiated hearsay about gangs, violence and drug trafficking at BOP-Leavenworth in an effort to convey to the jury that persons serving life sentences in federal prison remained a threat both inside the institution, as well as to the outside community. The admission of this highly prejudicial hearsay evidence violated Mr. Sinisterra's

Fifth, Sixth and Eighth Amendment rights. Moreover, trial and appellate counsel's failure to preserve this issue at trial and raise it on direct appeal constituted ineffective assistance, in violation of Mr. Sinisterra's Sixth Amendment rights.

Mr. Sinisterra has pled facts and constitutional claims that jurists of reason could debate establish the denial of a constitutional right. This is a significant legal issue that other circuits have sought fit to address on the merits. *See*, *e.g.*, *United States v. Mitchell*, 502 F.3d 931 (9th Cir. 2007); *United States v. Brown*, 441 F.3d 1330 (11th Cir. 2006); *United States v. Fell*, 360 F.3d 135 (2d Cir. 2004). Indeed, in *United States v. Lee*, 374 F.3d 637, 645 (8th Cir. 2005), the Eighth Circuit saw fit to examine each of the hearsay statements made in that case in order to reach a determination as to whether the statements were prejudicial. Such an analysis has never been conducted with respect to the highly inflammatory hearsay statements introduced at Mr. Sinisterra's penalty phase proceedings, therefore, this issue is adequate to deserve further encouragement to proceed further so that the Eighth Circuit can address this weighty issue. Additionally, as demonstrated by the extensive dissent on this very claim in the Fifth Circuit's recent opinion in *United States v. Fields*, 483 F.3d 313 (5th Cir. 2007), the issue of the constitutionality of the FDPA's relaxed evidentiary standard in the penalty phase is one over which jurists could debate.[3] Therefore, a COA should issue on this claim.

---

[3] It should be noted that the Eighth Circuit did not address in *Lee* the issue of whether the admission of hearsay in the penalty phase violates the Fifth Amendment's Confrontation Clause. This is a significant issue that is being examined in federal capital cases in other Courts of Appeals and has not yet been addressed in the Eighth Circuit. Mr. Sinisterra's Fifth Amendment claim in this regard, therefore, deserves further encouragement to proceed. *See* First Amended 2255 Motion, Doc. No. 41 at 4-6; Motion to Alter or Amend Judgment, Doc. No. 71 at 1-2.

### E. Organic Brain Damage and Mental Retardation

Mr. Sinisterra has presented an expert opinion concluding that he suffers from organic brain damage and has exhibited some impairments consistent with mental retardation, evidence which was never presented to the jury at Mr. Sinisterra's trial. Such mental health information is "inherently mitigating," *Tennard v. Dretke*, 542 U.S. 274, 287-88 (2004), and evidence of mental retardation would preclude imposition of the death penalty. *Atkins v. Virginia*, 536 U.S. 304, 316 (2002).

Jurists of reason could debate whether Mr. Sinisterra is ineligible for death because he is mentally retarded or otherwise mentally impaired. A COA should issue particularly because this claim was denied without an evidentiary hearing. Every inference must be draw in favor of the movant when he has pled facts that would entitle him to relief, and the court has denied relief without an evidentiary hearing. *See* 28 U.S.C. § 2255 ¶ 2; *Townsend v. Sain*, 372 U.S. 293, 312-13 (1963) (requiring a hearing in federal habeas proceedings where the petitioner has alleged facts which, if proven, would entitle him to relief and where the district court has not resolved the merits of the factual dispute in a full and fair hearing); *Fontaine v. United States*, 411 U.S. 213, 215 (1973) ("It is . . . clear that s. 2255 calls for a hearing . . . unless the motion and the files and the records of the case conclusively show that the petitioner is entitled to no relief.") (internal quotation marks omitted); *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002) ("The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only *allege*–not prove– reasonably specific, non-conclusory facts that, if true, would entitle him to relief.") (emphasis in original); *Simpson v. Norris*, 490 F.3d 1029 (8th Cir. 2007)(remanding *Atkins* claim and ordering the district court to hold an evidentiary hearing). Moreover, given that Courts of Appeals routinely review claims of mental retardation on the merits – *see Williams v. Norris*, 461 F.3d 999 (8th Cir. 2006);

*Woods v. Quarterman*, 493 F.3d 580 (5th Cir. 2007); *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004) – this issue is adequate to deserve encouragement to proceed further.

**F.      Violation of the Vienna Convention**

The Eighth Circuit held on direct appeal that Mr. Sinisterra's rights under the Vienna Convention were violated, but held that he was not prejudiced. In light of 2255 evidence that Mr. Sinisterra suffers from a brain impairment and possibly mental retardation, jurists of reason could debate that the failure to provide Mr. Sinisterra with his rights to consular consultation did prejudice him, in that his mental deficiencies made him particularly vulnerable and in need of the legal protections afforded to foreign nationals under the Vienna Convention. The interaction between Mr. Sinisterra's cognitive deficiencies and his consular rights was not previously explored by the Eighth Circuit, and in light of the fact that the legal issues related to the Vienna Convention continue to evolve, *see Medellin v. Texas*, ___ U.S. ___, 170 L. Ed. 2 190 (2008), this issue is adequate to deserve encouragement to proceed further.

**G.      Mr. Sinisterra's Death Sentence Constitutes Cruel and Unusual Punishment**

The disparity in sentences between Mr. Sinisterra's more culpable co-defendants who received life sentences (Hinestroza and Tello) and the less culpable defendants who received death sentences (Sinisterra and Ortiz) is grossly disproportionate, arbitrary, capricious and indefensible. Although the Eighth Circuit has not accepted the position that the Eighth Amendment requires proportionality between co-defendants' sentences, *see United States v. Johnson*, 495 F.3d 951 (8th Cir. 2007), Mr. Sinisterra believes that the panel decision in Johnson was incorrectly decided and will be overruled either by the Eighth Circuit sitting en banc or by the Supreme Court. The fact that reasonable jurists can debate whether the disparity in sentences in Mr. Sinisterra's case violates the

constitution is ably demonstrated by the multiple, strenuous dissents in the Sixth Circuit's *en banc*

consideration of this issue. *Getsy v. Mitchell*, 495 F.3d 295 (6th Cir. 2007). Thus, a COA should

issue on this claim.

**CONCLUSION**

WHEREFORE for all the foregoing reasons, the Movant respectfully requests that this Court

grant him a certificate of appealability on each of the foregoing issues.

Respectfully submitted,
/s/John Jenab
John Jenab, #47452
JENAB & MCCAULEY LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023
(913) 764-5539 Fax

/s/William E. Shull
William E. Shull, #22544
104 W. Kansas
Liberty, MO 64068
(816) 792-4242
(816) 792-0888 Fax

ATTORNEYS FOR MOVANT
GERMAN C. SINISTERRA

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2008, I electronically filed the foregoing
with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic
filing to all counsel of record.

/s/John Jenab