# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

GERMAN C. SINISTERRA,

       Movant,

v.                                Case No. 04-8003-CV-W-GAF

UNITED STATES OF AMERICA,
       Respondent.

## MOTION FOR LEAVE OF COURT TO TAKE DEPOSITIONS PURSUANT TO RULE 6 AND FOR A PROTECTIVE ORDER

JON M. SANDS
Federal Public Defender
TIMOTHY M. GABRIELSEN
IL Bar No. 6187040; NV Bar No. 8076
Assistant Federal Public Defender
Office of the Federal Public Defender
  District of Arizona
407 West Congress Street, Suite 501
Tucson, Arizona 85701-1310
(520) 879-7614 / (520) 622-6844 Fax

JOHN JENAB
MO Bar No. 47452
Jenab & McCauley LLP
110 S. Cherry Street, Suite 200
Olathe, KS 66061
(913) 390-5023 (913) 764-5539 Fax

COUNSEL FOR GERMAN C. SINISTERRA

## MOTION FOR LEAVE OF COURT TO TAKE DEPOSITIONS PURSUANT TO RULE 6 AND FOR A PROTECTIVE ORDER

German C. Sinisterra, through his appointed counsel, Assistant Federal Public Defender Timothy M. Gabrielsen and John Jenab, Esq., respectfully moves, pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, for leave of the Court to take depositions of five (5) witnesses whose testimony would be relevant to the issues to be decided at the evidentiary hearing scheduled for January 22, 2013, in the above-captioned cause. Sinisterra also moves pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order to bar Respondent-Government from publishing to Sinisterra's prior trial counsel and other defense team members the reports of Sinisterra's mental health experts and videos and transcripts of mitigation interviews with witnesses in Colombia until after trial counsel and the other trial defense team members have been deposed or interviewed prior to the evidentiary hearing. The costs of the depositions will be absorbed by the Federal Public Defender for the District of Arizona.

The persons whose testimony is sought in the depositions include the members of Sinisterra's trial defense team: Mr. Sinisterra's prior trial counsel, Fred Duchardt and Jennifer Herndon; trial counsel's Spanish language interpreter Juanita Chavez; trial counsel's investigator Dan Grothaus; and Dr. Enrique Dos Santos, a psychiatrist retained by defense counsel for a pretrial evaluation of Mr. Sinisterra.

/ /

/ /

/ /

-1-

The reasons for the request for authorization to depose the persons listed in the previous paragraph, and for a protective order, are explained in the attached Suggestions in Support.

Respectfully submitted this 12th day of September, 2012.

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Assistant Federal Public Defender
John Jenab, Esq.

By      s/Timothy M. Gabrielsen
        Counsel for Movant Sinisterra

-2-

**SUGGESTIONS IN SUPPORT**

## I.       Background.

German Sinisterra was convicted of murder and other offenses, and sentenced to death by a jury in the United States District Court for the Western District of Missouri. The conviction and sentence were affirmed on direct appeal. *See United States v. Ortiz*, 315 F.3d 873 (2002).

On March 1, 2006, Sinisterra, through appointed counsel, filed a First Amended Motion of German C. Sinisterra to Vacate, Set Aside or Correct Convictions and Sentences Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure. Dist Ct. Doc. 41. On December 8, 2006, the Government filed the Government's Response in Opposition to Movant's 28 U.S.C. § 2255 Motion. Dist. Ct. Doc. 53. On December 14, 2007, the Court denied relief and Sinisterra's request for an evidentiary hearing. Dist. Ct. Doc. 69.

On April 1, 2010, the Eighth Circuit reversed this Court's order of December 14, 2007, and remanded for an evidentiary hearing on Sinisterra's claim that trial counsel rendered ineffective assistance at the capital sentencing phase of Sinisterra's trial. *Sinisterra v. United States*, 600 F.3d 900 (8th Cir. 2010). The evidentiary hearing ordered by the Eighth Circuit does not implicate Sinisterra's convictions.

## II.      Sinisterra meets the "good cause" requirement of Rule 6.

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices or principles of law." Rule 6(a), Rules Governing Section 2255

-3-

Proceedings. The rules require that the movant "provide reasons for the request." *Id*., Rule 6(b). The Supreme Court has held that before a habeas court grants a discovery request, it must identify the "essential elements" of the movant's claim." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The Eighth Circuit has done so here.

The Eighth Circuit ordered that the evidence to be developed at the hearing cover both prongs of the test for ineffective assistance of counsel under the familiar test of *Strickland v. Washington*, 466 U.S. 668 (1984), i.e., whether counsel rendered deficient performance at capital sentencing and whether the deficient performance prejudiced Sinisterra. *Sinisterra*, 600 F.3d at 906. Specifically, the Court ordered an evaluation of counsel's performance with respect to, and prejudice deriving from, counsel's failure to investigate and present evidence pertaining to Sinisterra's life in Colombia, including his having been the victim of rape, physical and sexual abuse, homelessness, and privation, and that he suffered from head injuries. *Id*. at 907. The Eighth Circuit further ruled that, "if deemed credible and supported by the evidence, these factual assertions might present 'the kind of troubled history [the Supreme Court] has declared relevant to assessing a defendant's moral culpability.'" *Id*., *citing Wiggins v. Smith*, 539 U.S. 510, 535 (2003). The Court concluded that "without a complete record, we cannot determine whether Sinisterra was prejudiced by counsels' alleged failure to investigate and present mitigation evidence. Thus, we conclude that the case must be remanded for an evidentiary hearing." *Id*. at 908.

The Court further ruled, "Also to be developed on remand is whether counsel were ineffective for failing to investigate and present evidence of Sinisterra's mental

-4-

health and capacity." *Id*. The Court concluded that Sinisterra "should be permitted to inquire into his trial attorneys' investigation of and their decision to forego any penalty-phase presentation of his mental health and capacity." *Id.*

Very recently, in another capital § 2255 case in the Western District of Missouri, the court granted Respondent-Government's motions for leave to depose three defense trial counsel and two mitigation investigators in anticipation of an evidentiary hearing on virtually the same issues to be decided in the upcoming evidentiary hearing in *Sinisterra*. Order, *Nelson v. United States*, W.D.Mo. No. 04-8005-CV-W-FJG, Doc. 205 (July 25, 2012) ("*Nelson* Order"). The Court in *Nelson* in turn cited a district court order in another capital § 2255 case, *Allen v. United States*, No. 4:07CV00027 ERW, 2011 WL 4729819, E.D.Mo. (Oct. 7, 2011), in which the court allowed the Government to depose *inter alia* two defense trial counsel, a mitigation investigator and a paralegal in anticipation of an evidentiary hearing in which the movant would attempt to prove the ineffective assistance of his counsel at the capital sentencing hearing.

As the court noted in *Allen*, the Supreme Court has ruled that defense counsel has an "obligation to conduct a thorough investigation of defendant's background." 2011 WL 4729819 at *3, *citing Williams (Terry) v. Taylor*, 529 U.S. 362, 396 (2000). *See Sinisterra*, 600 F.3d at 907 (same). The court ruled that Allen's § 2255 counsel had the task of demonstrating that trial counsel failed in that obligation, including by showing the inadequacy of their mitigation investigation and presentation. *Id*. In addition, counsel's paralegal and mitigation specialist were tasked with assisting

counsel in the investigation and preparation of mitigation for sentencing. Thus, they were "intimately involved" with the conduct of Allen's trial counsel that was being challenged in the § 2255 evidentiary hearing. *Id*. at *4.

In *Nelson*, although the defense had supplied affidavits of trial counsel, the court ruled that the Government was entitled to depose the witnesses to flesh out details not covered in the affidavits. The court found that depositions would assist counsel in "narrowing and focusing their areas of inquiry" so as to allow them to more efficiently present evidence within the limited time allotted for the evidentiary hearing. *Nelson* Order at 5.

As was true in *Allen*, the depositions requested here are relevant to the question of whether Sinisterra's counsel performed deficiently in the investigation and presentation of mitigating evidence and mitigating mental health evidence at the capital sentencing hearing under the test for ineffective assistance of counsel under *Strickland*. The defense team consisted of attorneys Fred Duchardt and Jennifer Herndon, investigator Dan Grothaus, and interpreter Juanita Chavez. In addition, a psychiatrist, Dr. Enrique Dos Santos, was retained by the defense to evaluate Sinisterra but was not called as a sentencing hearing witness. The observations of all five witnesses are relevant to the issues identified by the Eighth Circuit, to wit, whether trial counsel rendered ineffective assistance, and all five would otherwise be subpoenaed to testify at the evidentiary hearing.

**A.      Trial counsel Jennifer Herndon and Fred Duchardt.**

Ms. Herndon executed affidavits that were appended to Sinisterra's § 2255

motion and his reply to the Government's answer.  Dist. Ct. Doc. 41-4, 68-1. Pursuant to the Court's order, Mr. Duchardt  prepared and filed an affidavit, which was referenced in the Government's Response to the § 2255 motion.  Dist. Ct. Docs. 50, 56 at 1, 41-47.

One area to be explored in the deposition is the responsibility of each attorney with respect to mitigation.  Both averred that Ms. Herndon was lead counsel at sentencing and that she was in charge of the development of the mitigation case, except for Mr. Duchardt's contacts with Dr. Dos Santos and former BOP official Joseph Brandenburg.  Dist. Ct. Docs. 41-4 at 6, 68-1 at 2, 50 at 7.  Thus, the Colombia aspect of the mitigation investigation appears to have been solely Ms. Herndon's responsibility.

The information Ms. Herndon averred that she did not know included that Sinisterra was sexually abused a child.  Dist. Ct. Doc. 68-1 at 3-4.  Mr. Duchardt, on the other hand, says he was aware at the time of trial of all of the mitigating evidence contained in the § 2255 motion, which would include the sexual assault, but that the defense chose not to present it.  Dist. Ct. Doc. 50 at 10.  The Eighth Circuit noted this discrepancy in its opinion, finding that Ms. Herndon and the defense investigator, Dan Grothaus, averred they did not know about the Colombia mitigation, while Duchardt averred he did but refrained from presenting it.  *Sinisterra*, 600 F.3d at 907. This significant discrepancy must be explored prior to the hearing, including disclosure of any and all other persons not identified here that may have provided Mr. Duchardt with mitigation information about Sinisterra's childhood in Colombia.

-7-

**B.    Dr. Enrique Dos Santos.**

Dr. Dos Santos must be deposed to determine whether Mr. Duchardt tendered Sinisterra's social, medical or mental health history to him prior to the evaluation of Sinisterra. *See Rompilla v. Beard*, 545 U.S. 374, 382 (2005) (counsel ineffective where three mental health experts who were not provided with records or history found "nothing useful," but rendered robust mitigating diagnoses after being provided records in the post-conviction proceedings). Ms. Herndon averred the Colombia aspect of the history was her responsibility to compile, that it was not done prior to Dr. Dos Santos' evaluation of Sinisterra, and that she never made mitigating evidence available to Mr. Duchardt. Dist. Ct. Docs. 68-2 at 3. In discussing his contact with Dr. Dos Santos in his affidavit, Mr. Duchardt fails to list the documents, records or social history, if any, he tendered to Dr. Dos Santos. Dist. Ct. Doc. 50 at 17. Proper subjects of a deposition of Dr. Dos Santos would be to elicit what materials on Sinisterra were tendered to him prior to the evaluation, whether counsel explained the nature of the mitigation sought in the evaluation, and Dr. Dos Santos' experience in performing mental evaluations for those charges in capital cases, including in federal court.

**C.    Investigator Dan Grothaus.**

Sinisterra requests to depose Dan Grothaus, an investigator who was retained as a mitigation and fact investigator but who, by virtue of his affidavit, appears to have performed guilt phase fact investigation and limited mitigation investigation of Sinisterra's family and acquaintances in Houston. Dist. Ct. Doc. 68-2 at 1-2. The

-8-

deposition would cover the parameters of his investigations and the source of the direction he took from counsel as to what he was to investigate.

### D. Interpreter Juanita Chavez.

Finally, according to Mr. Duchardt, the defense retained a woman named Juanita Chavez who served in a limited capacity as an interpreter for conversations with Sinisterra. Dist. Ct. Doc. 50 at 21. Sinisterra seeks to depose her to learn the content of any conversations for which she was present and served as an interpreter for defense counsel in their conversations with Sinisterra, as it concerned the development of mitigating evidence.

### III. Potential of depositions to streamline the evidentiary hearing.

Rule 6 is to be read *in pari materia* with Rule 7, which allows the Court to "direct the parties to expand the record by submitting additional materials relating to the [§ 2255] motion." Rule 7, Rules Governing Section 2255 Proceedings. Rule 7(b) allows expansion of the record to include "letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," and affidavits. The Supreme Court has acknowledged that discovery and expansion of the record could even streamline the facts to be presented at the evidentiary hearing because Rule 7 allows the district court to take and consider non-testimonial evidence. *See Blackledge v. Allison*, 431 U.S. 68, 82-83 (1977). After taking the depositions of the proposed witnesses, the parties here might even stipulate to certain facts deriving from those depositions. Sinisterra suggests that hearing testimony from Ms. Chavez, Dr. Dos Santos and Mr. Grothaus might be obviated by

-9-

depositions of those three witnesses.

**IV. Request for Protective Order pursuant to Rule 26(c), Federal Rules of Civil Procedure.**

Sinisterra will present at the evidentiary hearing the testimony of Hector Guevara, a mitigation specialist, who conducted interviews in Colombia, in Spanish, of persons with knowledge of Sinisterra's childhood and history. Mr. Guevara will identify at the hearing videos of approximately four mitigation witnesses with knowledge of Sinisterra's history in Colombia. The videos have been transcribed and translated to English by a certified federal court interpreter in Phoenix, Arizona, Isabel Fierros.

Two mental health experts, Dr. Antolin Llorente, Ph.D., a neuropsychologist, and Dr. Pablo Stewart, M.D., a psychiatrist, reviewed those background videos and transcripts, and conducted clinical interviews of Sinisterra to arrive at diagnoses to which they will testify at the evidentiary hearing.

The Eighth Circuit's remand on the claim of ineffective assistance of counsel necessarily requires trial counsel to testify to what they knew of the mitigation in Colombia and when they knew it. By way of the depositions of the trial defense team members requested above, Sinisterra seeks the witnesses' candid assessments of their knowledge of mitigation in Colombia. This request for a protective order merely seeks to insure that the recollections of the trial defense team members as to their contacts with mitigation witnesses in Colombia are not influenced by the content of the videos shot by Mr. Guevara in Colombia, the transcripts prepared from those videos and their English translations, and references to accounts of specific

-10-

Colombian witnesses in the mental health reports of Dr. Stewart and Dr. Llorente.

On September 11, 2012, undersigned counsel disclosed to Assistant United States Attorneys Jeff Valenti and Lajuana Counts the mental health reports of Dr. Stewart and Dr. Llorente. In exchange, the Government agreed not to disclose those reports to anyone other than office personnel and potential expert witnesses - until the Court rules on the motion for leave to depose trial counsel. On September 11, 2012, undersigned counsel also offered the Government the mitigation videos and transcripts, and requested, again, that those materials not be disclosed to persons outside their office, except potential experts, until after the hearing witnesses have been deposed or interviewed.

## V.    Conclusion.

Sinisterra respectfully requests leave of the Court to depose Fred Duchardt, Jennifer Herndon, Dan Grothaus, Juanita Chavez and Dr. Enrique Dos Santos. Sinisterra also requests a Protective Order to bar the Government's publication of the mental health reports of Dr. Stewart and Dr. Llorente, and the mitigation videos of Mr. Guevara and the transcripts thereof, to Sinisterra's trial defense team members until after those persons have been deposed or interviewed.

Respectfully submitted this 12th day of September, 2012.

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Assistant Federal Public Defender
John Jenab, Esq.

By      s/Timothy M. Gabrielsen
         Counsel for Movant Sinisterra

-11-

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2012, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Mr. Jeffrey Valenti
Ms. Lajuana Counts
Assistant United States Attorneys


 s/Teresa Ardrey
Teresa Ardrey
Secretary, Capital Habeas Unit